IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. WOOLFOLK,<br>    Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | |
| WARDEN DARRELL JOHNSON;<br>et al.,<br>    Defendants, | : <br> : <br> : | CIVIL ACTION NO.<br>1:19-CV-0907-TWT-LTW |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff Christopher L. Wookfolk, presently confined in the Gwinnett County Correctional Institution in Lawrenceville, Georgia, has filed this *pro se* civil rights complaint. (Doc. 1.) The matter is now before the undersigned Magistrate Judge for consideration of plaintiff's amended request to proceed *in forma pauperis* (Docs. 2; 5), motion for appointment of counsel (Doc. 3), motion to add unidentified inmates as plaintiffs to this action (Doc. 6), and for a 28 U.S.C. § 1915A frivolity screening. Because *pro se* prisoners may not bring an action on behalf of other inmates, *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam), plaintiff's motion to add unidentified inmates as plaintiffs to this action [6] is **DENIED**. For the reasons that follow, plaintiff's amended request to proceed *in forma pauperis* [2; 5] is **GRANTED**, but the undersigned

**RECOMMENDS** that this action be **DISMISSED** for failure to state a claim. In light of this recommendation, plaintiff's motion for appointment of counsel [3] is **DENIED** as moot.

## I.     Request to Proceed *In Forma Pauperis*

Plaintiff has filed an authorization allowing his custodian to withdraw funds from his inmate account, which has a current balance of $72.29 and has had, for the preceding six months, an average monthly balance of $144.81 and average monthly deposits of $25. (Doc. 5 at 2-4.) Accordingly, plaintiff's amended request to proceed *in forma pauperis* [2; 5] is **GRANTED**, and plaintiff will be required to pay a $28.96 initial, partial filing fee. In addition, plaintiff shall be obligated to pay the full statutory filing fee of $350.00 as funds are deposited in his inmate account pursuant to the provisions of 28 U.S.C. § 1915(b)(2). Specifically, the balance of said filing fee shall be paid by, or on behalf of the plaintiff, in monthly or other incremental payments in the amount of 20% of the preceding month's income credited to plaintiff's inmate account in each month in which plaintiff's account balance exceeds $10.00. Pursuant to 28 U.S.C. § 1915(b)(2), the institution administering plaintiff's inmate account shall withdraw such amounts from the account and remit the same to the Clerk, U.S. District Court, until the

filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

## II.   Frivolity Screening

### A.   The Screening Standard

A federal court must screen a prisoner's complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

### B.   Discussion

Plaintiff brings this action against Warden Darrell Johnson, Lieutenant S. Williams, and Captain Gary Gordijn. (Doc. 1 at 4.) Plaintiff complains that Lieutenant Williams and Captain Gordijn threatened that if he and every other inmate in A-Dorm did not "write a statement pertaining to an incident which happened on 12-11-2018," they would receive a disciplinary report for failure to follow instructions. (*Id.* at 7.) Plaintiff states that he complied with the order to

3

write a statement and does not contend that he received a disciplinary report or suffered any other harm based on the defendants' threat. (*Id.*) Plaintiff seeks injunctive and monetary relief. (*Id.* at 6, 8.)

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Plaintiff fails to state a claim against Warden Johnson because he has not alleged any facts connecting the warden with the alleged deprivation, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008), and because respondeat superior is an insufficient basis for § 1983 liability, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

As to the alleged threat of a disciplinary report by Lieutenant Williams and Captain Gordijn, "verbal abuse alone is insufficient to state a constitutional claim," *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam), and "mere threatening language and gestures of a [state actor] do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (citation omitted). Plaintiff complied with defendants' instructions and does not allege that he suffered any harm as a result. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted.

### III. Conclusion

For the foregoing reasons, plaintiff's amended request to proceed *in forma pauperis* [2; 5] is **GRANTED**, but the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A. Additionally, plaintiff's motion for appointment of counsel [3] and motion to add unidentified inmates as plaintiffs to this action [6] are **DENIED**.

The Clerk **SHALL** transmit a copy of this Order to the Sheriff of Gwinnett County. The Sheriff, or his designee, shall collect the aforesaid $28.96 initial, partial filing fee as well as the monthly payments from plaintiff's inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 19 day of April 2019.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE